# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEDRIC GRIFFIN | CIVIL ACTION |
| VERSUS | NO. 08-5098 |
| BURL CAIN, WARDEN | SECTION "S" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, and for the following reasons, the court finds that the instant petition is timely and **IT IS HEREBY RECOMMENDED** that the State be ordered to address the merits of petitioner's claims.

## PROCEDURAL HISTORY[1]

On March 2, 2000, petitioner, Dedric Griffin, presently incarcerated in the

---

[1] Much of the information comprising petitioner's procedural history was obtained from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. Griffin*, 838 So.2d 34 (La. App. 4 Cir. 2003).

Louisiana State Penitentiary located in Angola, Louisiana, was charged by grand jury indictment with first degree murder. Petitioner's first trial in Orleans Parish Criminal District Court ended in a mistrial due to a deadlocked jury. New trial proceedings commenced, with voir dire taking place, on February 19, 2002.[2] On February 20, 2002, petitioner was found guilty of first degree murder by virtue of a unanimous verdict from a twelve-person jury.[3] On February 21, 2002, Orleans Parish Criminal District Court Judge Sharon Hunter, who presided over petitioner's trial, sentenced petitioner to life imprisonment without benefit of parole, probation or suspension of sentence.[4] On January 15, 2003, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Griffin*, 838 So.2d 34 (La. App. 4 Cir. 2003). On November 7, 2003, the Louisiana Supreme Court denied petitioner's writ application, *State v. Griffin*, 857 So.2d 515 (La. 2003), thereby rendering petitioner's conviction and life sentence final.

The State, in its response (rec. doc. 9, p. 4), submits that petitioner filed with the state district court a *pro se* application for State post-conviction relief on January 4, 2005. The State utilizes January 4, 2005, as the filing date of petitioner's post-conviction application based upon the handwritten notation, "1/4/05", set forth on the first page of

---

[2] The February 19, 2002 voir dire transcript is contained in the State rec., vol. 5 of 8.

[3] *See* State rec., vol. 5 of 8, transcript of trial taken on February 20, 2002, pp. 263-264.

[4] *See* State rec., vol. 5 of 8, transcript of trial taken on February 21, 2002, p. 93.

2

petitioner's post-conviction application.[5] On April 19, 2005, counsel filed, on petitioner's behalf, a supplemental memorandum in support of petitioner's application for post-conviction relief. The filing date of April 19, 2005, is based upon the handwritten notation, "4/19/05", on the first page of the supplemental memorandum.[6] On April 13, 2007, and May 25, 2007, evidentiary hearings were conducted in connection with petitioner's post-conviction application before the Honorable Benedict Willard.[7] On August 10, 2007, Judge Willard denied petitioner's application for post-conviction relief.[8] On November 2, 2007, the Louisiana Fourth Circuit Court of Appeal likewise denied petitioner post-conviction relief. *State v. Griffin*, No. 2007-K-1279 (La. App. 4 Cir. Nov. 2, 2007) (unpublished decision).[9] Finally, on September 19, 2008, the Louisiana Supreme Court denied petitioner's writ application. *State v. Griffin*, 992 So.2d 962 (La. 2008).

---

[5] A copy of petitioner's post-conviction application, which is not dated, is contained in the State rec., vol. 7 of 8.

[6] A copy of the supplemental memorandum, which is not dated, is contained in the State rec., vol. 7 of 8. Counsel filed, on petitioner's behalf, a second supplemental memorandum in support of post-conviction relief, a copy of which is contained in the State rec., vol. 7 of 8. Because this pleading is not dated nor is any filing date noted on the first page, the court is unable to ascertain when this second supplemental memorandum was filed.

[7] Copies of the transcript from these evidentiary hearings are contained in the State rec., vol. 7 of 8.

[8] The court's ruling in this regard is evidenced by a minute entry, a copy of which is contained in the State rec., vol. 7 of 8.

[9] A copy of the state appellate court's unpublished decision is contained in the State rec., vol. 7 of 8.

Petitioner filed the instant action for federal habeas corpus relief on December 2, 2008. In its response, the State does not contest the fact that petitioner has exhausted his state court remedies, *see Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but asserts that the matter should be dismissed as time-barred. For the following reasons, the Court disagrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[10] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's conviction became final on November 7, 2003, and his time for seeking review expired on February 5, 2004, ninety days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a

---

[10]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

year from February 5, 2004, or until February 5, 2005, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on December 2, 2008, over three years after the date it was due. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The State argues that petitioner properly filed his application for state post-conviction relief on January 4, 2005, approximately one month before his one-year statute of limitations was set to expire. However, in his "Objection to State's Response to Petition for Habeas Corpus Relief" (rec. doc. 10), petitioner submits a copy of the "U.S. Postal Service Certified Mail Receipt", addressed to Kimberly Williamson Butler, Clerk of Court for Orleans Parish Criminal District Court, which contains a United States Postal Service stamp reflecting a mailing date, from Angola, La., of October 12, 2004.

In *Causey v. Cain*, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule," the date a *pro se* prisoner's pleading

5

is provided to prison officials for mailing is the date it is considered filed. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999). In this instance, however, petitioner did not date his application for post-conviction relief to the Orleans Parish Criminal District Court.[11] Accordingly, the court will utilize the date stamped on his "U.S. Postal Service Certified Mail Receipt" as petitioner's filing date for purposes of determining the timeliness of the instant petition.

Based upon the above, the court finds that petitioner's state post-conviction application was filed on October 12, 2004. At that point, approximately eight months of petitioner's twelve-month prescriptive period had expired. The State admits and a review of the pertinent record confirms, that prescription remained tolled by virtue of petitioner's pending post-conviction application until September 19, 2008, when the Louisiana Supreme Court denied petitioner's writ application. *State v. Griffin*, 992 So.2d 962 (La. 2008). At that point, petitioner had approximately four months remaining of his one-year statute of limitations. Petitioner filed the instant action approximately two and a half months later, on December 2, 2008. Thus, the instant matter is clearly not time-barred.

---

[11] A copy of the pertinent pleading is contained in the State rec., vol. 7 of 8.

## RECOMMENDATION

It is therefore RECOMMENDED that the State be ordered to address the merits of petitioner's claims within forty-five days or no later than June 22, 2010.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[12]

New Orleans, Louisiana, this __11th__ day of _____May_____, 2010.

                                              LOUIS MOORE, JR.
                                              United States Magistrate Judge

---

[12] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.